

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MAYRA GRACIELA CARDENAS MENDEZ,<br><br>　　　　　Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　Respondent. | No. 12-70242<br><br>Agency No. A096-362-961<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015**

Before:　　HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

　　　Mayra Graciela Cardenas Mendez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of her

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen.

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

We grant Cardenas Mendez's motion to accept her late-filed reply brief.

The BIA did not abuse its discretion in denying Cardenas Mendez's untimely and number-barred motion to reopen, *see* 8 C.F.R. § 1003.2(c)(2), because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to demonstrate prima facie eligibility for the relief sought, *see Najmabadi*, 597 F.3d at 986; *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Cardenas Mendez's contention that the BIA did not give full and fair consideration to all the evidence does not overcome the presumption that the agency reviewed all of the evidence she presented. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). In light of our conclusions, we need not reach Cardenas Mendez's remaining contentions.

**PETITION FOR REVIEW DENIED.**